NORTHCUTT, Judge.
The trial court held that an automobile liability policy issued to Gerd Petrik provided coverage for injuries suffered by Nihad Christian Jarallah in an accident with Gerd’s wife, Feli Petrik. We concur in the court’s determination that there was coverage under the terms of the policy, because the automobile Feli Petrik was driving at the time of the accident .was neither furnished nor available for her regular use, and it was not used in an auto sales agency that she owned or operated. We therefore affirm the issue on appeal without further discussion. On cross-appeal, Jarallah argues that the court erred by limiting the available coverage to half of the policy limits. We agree and reverse on this issue.
Gerd Petrik was the president of West Coast Motor Sports, Inc., a business that bought and sold exotic automobiles. Some of the cars in West Coast’s inventory were stored at the Petriks’ home, which was *642 located on a barrier island. Jarallah was injured when he was helping the Petriks move these cars from the Petriks’ home to West Coast’s lot on the mainland because - of a hurricane threat. Feli Petrik was moving a Ferrari when she accidentally struck a Jaguar parked in front of her, pushing the Jaguar forward. Jarallah, who was standing in front of the Jaguar, was pinned between the car and the garage wall. The impact shattered both of his knees.
Jarallah sued Feli Petrik and West Coast, and the case settled for $1.5 million. Gerd Petrik is the named insured in a personal automobile liability policy from Auto-Owners Insurance Co. with a $1 million liability limit. West Coast is the named insured in a garage owners liability policy from Auto-Owners with a $500,000 liability limit. Auto-Owners paid the $500,000 limit under the West Coast policy, and Jarallah executed a partial satisfaction of judgment. Auto-Owners then filed an action seeking a declaration that there was no coverage under the Petrik policy. In the alternative, Auto-Owners sought a determination that, under the terms of the Petrik policy, its liability was capped at the highest limit of liability under a single policy.
Insurance policies are interpreted according to their plain meaning. Koikos v. Travelers Ins. Co., 849 So.2d 263 (Fla.2003). The question whether coverage exists under a particular policy is one of law subject to de novo review. Biltmore Constr. Co. v. Owners Ins. Co., 842 So.2d 947 (Fla. 2d DCA 2003), review dismissed, 846 So.2d 1148 (Fla.2003).
The Petrik policy provided $1 million of liability coverage for bodily injury and property damage arising out of the ownership, maintenance, or use of the automobiles described in the Declarations and certain nonowned automobiles. In an “Other Insurance” clause, the Petrik policy states:
If there is other collectible automobile liability insurance, we will pay only our share of the loss. Our share will be the ratio of the amount of this insurance to the total amount of all collectible automobile liability insurance. The coverage extended to automobiles you do not own will be excess over any other insurance available to you.
In addition, the Petrik policy provides:
DUPLICATION OF COVERAGE
a. If this policy and any other policy or form of coverage provided by us or a company affiliated with us, provide coverage for the same loss or damage, our maximum limit of liability under all the policies or forms of coverage shall not exceed the highest limit of liability under any single policy or form of coverage applicable to the loss or damage.
b. This condition does not apply to any policy or form of coverage issued by us or a company affiliated with us to specifically provide excess insurance over this policy.
The West Coast policy, with its $500,000 liability limit, does not contain a similar duplication of coverage provision.
The trial court relied on the duplication of coverage clause in the Petrik policy to limit Jarallah’s recovery to a maximum of $1 million. Jarallah argues, and we agree, that this provision is contrary to the public policy of Florida as expressed in the Florida Insurance Code, which provides in pertinent part:
Stacking of coverages prohibited. — If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, personal injury protection, or other coverage, the policy shall provide that the insured or named *643 insured is protected only to the extent of the coverage she or he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section does not apply:
(1) To uninsured motorist coverage, which is separately governed by s. 627.727.

(2) To reduce the coverage available by reason of insurance policies insuring different named insureds.

§ 627.4132, Fla. Stat. (1999) (emphasis added). “Under this statute, the key to whether or not two policies may be stacked is simply whether the named insureds for the policies are different or are the same.” S.C. Ins. Co. v. Kokay, 398 So.2d 1355, 1357 (Fla.1981). In an earlier decision from this court, we held that a policy’s anti-stacking provision relating to uninsured motorist coverage was contrary to section 627.4132 and therefore unenforceable. Auto-Owners Ins. Co. v. Prough, 463 So.2d 1184 (Fla. 2d DCA 1985). Likewise here, we conclude that because the policies were issued to different named insureds, the duplication of-coverage provision in one policy cannot be used to reduce the available coverage under both policies.
We have found scant Florida case law addressing anti-stacking policy provisions in policies issued to different insureds. In Hartford Insurance Co. of the Midwest v. BellSouth Telecommunications, Inc., 824 So.2d 234 (Fla. 4th DCA 2002), the Fourth District interpreted a similar but not identical anti-stacking clause that limited maximum liability to the highest limit under any one coverage form or policy “[i]f this Coverage Form and any other Coverage Form or policy issued, to you by us or any company affiliated with us apply to the same ‘accident’[.]” Id. at 236 (emphasis added). But that case is distinguishable because it involved two coverage parts within a single, multi-flex policy. This case involves entirely separate policies issued to entirely separate insureds.
Where, as here, separate policies were issued to different named insureds, applying the duplication of coverage provision as the trial court did would permit Auto-Owners to avoid covering a risk it agreed to insure and thus obtain a windfall of one of the two premiums it received. See Aetna Cas. & Surety Co. v. Home Ins. Co., 44 Mass.App.Ct. 218, 689 N.E.2d 1355, 1358 (1998). Accordingly, we reverse the trial court’s application of the duplication of coverage clause and remand for the trial court to award the policy limits so that Jarallah’s judgment will be fully satisfied.
Affirmed in part, reversed in part, and remanded.
KELLY and VILLANTI, JJ., Concur.